The opinion of the court was delivered by
Manninu, C. J.
The Hibernia Insurance Company obtained an order of seizure and sale of an improved lot in this city, in foreclosure of its mortgage, and had caused advertisement of its sale to be made, when the plaintiff in joined the sale by the proceedings in this suit.
*960 The defendant moved to dissolve the injunction “upon the ground that it had issued improvidently and illegally, the allegations of the petition and the exhibits thereunto annexed being insufficient to authorize the issuance of the writ.”
It is nowhere stated wherein is the insufficiency, or in what particular the allegations are deficient. Upon hearing, ihe motion or rule to dissolve was made absolute, and again the record fails to acquaint us with the reasons therefor. We do not wish to be understood as intimating that it is necessary or desirable in all cases that the judge of a lower court should assign the reasons of his judgment at length. We only note the absence of them here, because we are unable to perceive why the allegations of the petition were supposed not to be sufficient on their face to authorize an injunction.
These allegations are; — that the plaintiff is the owner of the lot advertised for sale, under a title translative of property, (derived from a tax sale superior to the defendant’s mortgage), and that the defendant is attempting to sell it. This sale is to satisfy a mortgage of a previous owner.
True, the plaintiff’s title may not prove good upon examination. He alleges that he bought at a tax sale, and received a deed from the tax collector, and after six months interval, that he obtained a confirmatory deed from George B. Johnson, Auditor of Public Accounts, on February 24,1877. We know that this last deed, confirming the previous title, is wholly invalid, because Johnson was not the Auditor at that time, but the deed from the tax collector is received by the courts as a prima facie valid title, Constitution, art. 118. Acts 1871, p. 120. Until that sale is set aside by a revocatory or other proper action, contradictorily with the parties in interest, the title from the State’s officer is presumed to be valid until the contrary is shown. Lannes v. Work. Bank, 29 Annual, 112.
But it is not necessary to resort to those principles in order to dispose of this motion. The objection to the petition is that the allegations are on their face insufficient to warrant an injunction. Now if it be true that the plaintiff bought at the tax sale and therefore under the first and highest privilege, and that all the requisite formalities had been observed prior to it, and at it, and no redemption has been made or offered, it may very well be that his title will prevail to the detriment of the mortgage creditor of the previous owner. But if it should be discovered that these formalities have not been complied with, or that the plaintiff and purchaser at the tax sale is merely the mortgage debtor in disguise, who is helping him to evade the operation of the mortgage, and the payment of the debt, the reverse result would most certainly be produced.
*961 These matters were not inquired into, and could not be, in the trial of a rule to dissolve on the face of the papers. The allegations of the petition are taken as true on that trial, and if true, do warrant an injunction. Therefore,
It is ordered and decreed that the judgment of the lower court is reversed, and the cause is remanded to be proceeded with according to law, the appellee paying costs of appeal.